NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1239
_____

SANTOS MOISES TEJADA TEJADA,
Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(Agency No. A094-163-406)
(DETAINED)
_____

Argued
January 7, 2013

Before: SCIRICA, AMBRO, and FUENTES, Circuit Judges.

(Opinion Filed:  February 4, 2013)

Francisco S. Guzmán, Esq.  **(ARGUED)**
Guzmán Law Practice, P.C.
665 Newark Avenue
Jersey City, New Jersey 07306

*Counsel for Petitioner, Santos Moises Tejada Tejada*

Stuart F. Delery, Acting Assistant Attorney General, Civil Division
Edward J. Duffy, Senior Litigation Counsel, Office of Immigration Litigation

1

Zoe J. Heller, Trial Attorney, Office of Immigration Litigation  **(ARGUED)**
Aaron R. Petty, Trial Attorney, Office of Immigration Litigation
Civil Division
United States Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

*Counsel for Respondent, Attorney General of the United States of America*

_____

OPINION OF THE COURT

_____

FUENTES, <u>Circuit Judge</u>:

Petitioner, Santos Moises Tejada Tejada ("Tejada"), a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA"). We will grant the petition and remand to the BIA.

**I.**

Because we write primarily for the parties, we set forth only those facts that are relevant to our conclusion.  Tejada is a native and citizen of El Salvador.  He entered the United States without inspection in 1989.  In 1991, he was afforded temporary protected status by the former Immigration and Naturalization Service.  Tejada renewed that status each year until he became a lawful permanent resident on September 27, 2004.  He has numerous family ties to the United States, including a daughter with U.S. citizenship, siblings who are legally present in the United States, and parents with lawful permanent resident status.  He and his teenage daughter maintain a close relationship, and he provides her with financial assistance of $100 per week and emotional support.  He has

maintained stable employment since 1992 and also provides financial support to his ex-wife whenever she is in need.

In 1992, Tejada was arrested for simple assault and false imprisonment in 2003 but each of these charges was dismissed. In 2006, Tejada was convicted of driving while intoxicated, and his driver's license was suspended for ninety days. On June 14, 2007, Tejada was convicted of second-degree eluding of the police in violation of N.J. STAT. ANN. § 2C:29-2(b) (2000). On the night of his arrest for this offense, Tejada was drinking and he struck another vehicle. He then left the scene of the accident and failed to stop when directed by the police. Tejada pled guilty to this offense. Although Tejada was sentenced to three years' imprisonment, he was only required to serve seven months and to fulfill certain probation conditions, which he completed. During his time in prison, Tejada's young daughter was sexually assaulted by an adult male relative, and she subsequently received counseling for about a year after this traumatic event.

Tejada has been detained by Immigration and Customs Enforcement since March 2, 2011. On that day, Tejada was returning from a brief trip abroad and was found to be inadmissible for having committed a crime of moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for his 2007 eluding conviction. Tejada applied for cancellation of removal under 8 U.S.C. § 1229(b) and a waiver of inadmissibility under 8 U.S.C. §1182(h) (a "Section 212(h) waiver").

On July 14, 2011, an Immigration Judge ("IJ") denied Tejada's application for cancellation of removal but granted his application for a Section 212(h) waiver after finding that his daughter would suffer extreme hardship if he were removed. The IJ also

3

found that the positive equities of Tejada's life in the United States outweighed the adverse factors of his criminal record. The Government appealed to the BIA, which sustained the appeal and reversed the IJ's decision. The BIA found that Tejada's eluding conviction constituted a "violent or dangerous crime" under 8 C.F.R. § 1212.7(d). BIA Decision at 2. Therefore, Tejada must establish that a denial of relief would result in "exceptional and extremely unusual hardship" to his qualifying relatives to be eligible for such relief. Id. The BIA held that even if Tejada's conviction was not violent or dangerous as to merit the higher hardship standard, Tejada had not established that his daughter would suffer the lower standard of extreme hardship if he were removed. Finally, the BIA determined that even if Tejada could show extreme hardship to his daughter from his removal, he had not established that he warrants a Section 212(h) waiver as a matter of discretion. Having determined that Tejada's past criminal record outweighed his positive equities, the BIA ordered Tejada removable to El Salvador.

## II.

This Court has jurisdiction pursuant to 8 U.S.C. § 1252(a) to review final orders of removal issued by the BIA. The Government contends that we lack jurisdiction to hear the case before us, as it relates to the BIA's discretionary decision to deny a Section 212(h) waiver. Although we agree that this Court generally lacks jurisdiction to review the BIA's factual and discretionary rulings, we retain jurisdiction to review constitutional claims or questions of law raised in a petition for review. See 8 U.S.C. § 1252(a)(2)(D); Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006). While the BIA may not reverse an IJ's factual findings unless they are clearly erroneous, it reviews the IJ's legal

4

conclusions de novo. 8 C.F.R. § 1003.1(d)(3). We have jurisdiction to review the legal question of whether the BIA applied the correct standard of review in its decision to deny Tejada relief. See Kaplun v. Att'y Gen., 602 F.3d 260, 268-69 (3d Cir. 2010) (granting a petition for review upon consideration of the BIA's application of an incorrect standard of review).

### A.

We hold that the BIA failed to apply the correct standard of review in making its determination that Tejada was not eligible for relief. "[W]hen the BIA reaches a different conclusion than the IJ, either on the facts or the law, its review must reflect a meaningful consideration of the record as a whole. It is not enough for the BIA to select a few facts and state that, based on them, it disagrees with the IJ's conclusion." Huang v. Att'y Gen., 620 F.3d 372, 387 (3d Cir. 2010). The BIA is required to demonstrate that it reviewed the record and considered all of the evidence on which the IJ relied—"it must explain why the record warrants a different conclusion than the one reached by the IJ." Id.

When the IJ granted Tejada a Section 212(h) waiver, it relied on the fact that Tejada's daughter would suffer extreme hardship if her father were removed. Noting that this case "presents exacerbating, magnifying circumstances," the IJ gave significant weight to the fact that Tejada's daughter is the victim of a sex crime, as she offered "compelling" testimony regarding her reliance on her father's presence and support in overcoming the abuse that she has suffered. IJ Oral Decision at 9. In finding that Tejada was eligible for relief, the IJ also emphasized the considerable financial support that Tejada offers his daughter and ex-wife and relied on Tejada's positive equities, such as

5

maintaining stable employment, supporting his family, close family ties to the United States, and the lack of any criminal activity since 2006.

The BIA only briefly mentioned the sexual abuse that Tejada's daughter suffered, and failed to provide a meaningful explanation as to why this factor and the removal of Tejada's financial and emotional support would not result in extreme hardship for her. We agree with Tejada's assertion that the BIA selected only a few pieces of evidence to diminish why his daughter would suffer extreme hardship if her father were deported, such as the fact that Tejada was incarcerated while his daughter was abused and that her mother brought her to counseling at that time. The BIA applied an incorrect standard of review by "fail[ing] to address any evidence that, if credited, would lend support to" Tejada's position, "and thus the decision does not reflect a consideration of the record as a whole." Id. at 388. Put another way, the BIA's decision falls short under Huang because it failed to provide specific reasoning as to why it reached a conclusion that was different from that of the IJ. Id. at 387 (citing Awolesi v. Ashcroft, 341 F.3d 227, 232 (3d Cir. 2003)).

In addition, the IJ acknowledged Tejada's prior criminal activity but noted that two of his arrests did not lead to convictions and were dismissed. The IJ considered the fact that Tejada has been free of any criminal activity since 2006, and that the positive equities of his life in the United States outweighed the adverse factor of his criminal record. In contrast, the BIA failed to consider that Tejada has been compliant with the law for a significant period of time and placed emphasis on his prior arrests as weighing negatively in his favor. The BIA appears to have made its own factual findings by

6

referring to Tejada's "various incarcerations" and "multiple arrests" despite the fact that the IJ referred only to one period of incarceration and noted that two of Tejada's prior charges were dismissed. BIA Decision at 3. By failing to defer to the IJ's factual conclusions as to Tejada's criminal past without an explanation of why such findings are clearly erroneous, the BIA again failed to apply the appropriate standard of review. Yusupov v. Att'y Gen., 650 F.3d 968, 979 (3d Cir. 2011). Although the BIA has discretion to accord Tejada's past criminal activity more weight in its analysis than did the IJ, it must consider the factors upon which the IJ relied in deciding to grant relief.

**B.**

We also note that the BIA relied on 8 C.F.R. § 1212.7(d)[1] to state an alternative method for which Tejada may be denied relief—that his eluding conviction constitutes a violent or dangerous crime that would allow relief only if his "qualifying relatives" would suffer "exceptional and extremely unusual hardship" if Tejada were removed. BIA Decision at 2 (citing 8 C.F.R. § 1212.7(d)). Although we will not address whether a conviction of eluding constitutes a violent or dangerous crime, we will note that, even if

---

[1] 8 C.F.R. § 1212.7(d) states as follows:

 (d) Criminal grounds of inadmissibility involving violent or dangerous crimes. The Attorney General, in general, will not favorably exercise discretion under section 212(h)(2) of the Act (8 U.S.C. 1182(h)(2)) to consent to an application or reapplication for a visa, or admission to the United States, or adjustment of status, with respect to immigrant aliens who are inadmissible under section 212(a)(2) of the Act in cases involving violent or dangerous crimes, except in extraordinary circumstances, such as those involving national security or foreign policy considerations, or cases in which an alien clearly demonstrates that the denial of the application for adjustment of status or an immigrant visa or admission as an immigrant would result in exceptional and extremely unusual hardship.

8 C.F.R. § 1212.7(d).

7

it does, we interpret the language in 8 C.F.R. § 1212.7(d) to allow for a favorable exercise of discretion in circumstances beyond a showing of "exceptional and extremely unusual hardship." See 8 C.F.R. § 1212.7(d).

The Attorney General may still grant relief even if an immigrant has committed a violent or dangerous crime in "extraordinary circumstances." 8 C.F.R. § 1212.7(d). Although such circumstances may include, as the statute notes, those involving national security or foreign policy considerations or instances of exceptional and extremely unusual hardship, these examples are not exhaustive and there may be other circumstances in which relief may be warranted. See Samuels v. Chertoff, 550 F.3d 252, 262 (2d Cir. 2008) (remanding to the BIA when the BIA had considered only whether the hardship that would accrue to an immigrant's family was exceptional and extremely unusual, and it failed to consider whether the other equities of the immigrant's life constituted extraordinary circumstances to merit relief). Because the BIA made only a passing reference to Tejada's positive equities without a full analysis as to why these would outweigh his criminal past, we hold that further consideration of such factors is warranted.

Further, 8 C.F.R. § 1212.7(d) directs the BIA to consider hardship not only to qualifying relatives but also to the immigrant. Rivera-Peraza v. Holder, 684 F.3d 906, 910-11 (9th Cir. 2012). Therefore, the "exceptional and extremely unusual hardship" analysis need not relate to Tejada's daughter only but may also be applied to Tejada himself. Id. The BIA noted that Tejada "must establish an 'exceptional and extremely unusual hardship' to *his qualifying relatives* for a waiver of inadmissibility," BIA

8

Decision at 3 (emphasis added), but it must also consider whether Tejada himself would suffer a hardship of this nature if removed to El Salvador. <u>Rivera-Peraza</u>, 684 F.3d at 910-11.

## III.

For the foregoing reasons, we will grant the petition for review and remand to the BIA for further proceedings consistent with this opinion.