**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



|  |  |
|---|---|
| MARVIN ANTONIO FRANCO-BARDALES, AKA Marvin Antonio Franco, <br><br> Petitioner, <br><br> v. <br><br> ERIC HOLDER, Attorney General, <br><br> Defendant, | Nos. 11-72875 <br> 12-71299 <br><br> A-071-586-661 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Appeal from the Board of Immigration Appeals

Argued and Submitted February 2, 2015
Seattle Washington

Before: BEA and MURGUIA, Circuit Judges, and KOBAYASHI, District Judge.[**]

Marvin Antonio Franco-Bardales, a Guatemalan man living in the United

States without status since 1983, petitions this Court for review of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Leslie E. Kobayashi, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

Immigration Appeals' ("BIA") August 29, 2011 decision affirming the Immigration Judge's ("IJ") denial of his applications for adjustment of status and waiver of inadmissibility, pursuant to 8 U.S.C. § 1182(h), and the BIA's March 27, 2012 decision denying his motion to reopen. We deny the petitions, which were consolidated for this proceeding.

Franco-Bardales concedes that he is removable. This Court has jurisdiction to review only constitutional claims and questions of law related to the BIA's denial of a waiver of inadmissibility. *Corpuz v. Holder*, 697 F.3d 807, 810 (9th Cir. 2012) (citing 8 U.S.C. § 1252(a)(2)(C)-(D)); *see also Rivera-Peraza v. Holder*, 684 F.3d 906, 908 (9th Cir. 2012) ("Admissibility is a necessary precondition for adjustment of status."). Where the BIA relies on the IJ's reasoning, we look to the IJ's decision "as a guide to what lay behind the BIA's conclusion." *Bingxu Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014) (citation and internal quotation marks omitted).

The IJ did not commit legal error in applying *Matter of Jean (In re Jean)*, 23 I. & N. Dec. 373 (BIA 2002), and determining that Franco-Bardales's conviction for delaying medical attention to a child in his care was a violent or dangerous crime. *See Torres-Valdivias v. Holder*, 766 F.3d 1106, 1108 (9th Cir. 2014) ("the ultimate determination of whether a crime was violent or dangerous under *Matter*

2

*of Jean* is discretionary and therefore unreviewable under 8 U.S.C.

§ 1252(a)(2)(B)"). Nor did she commit legal error in concluding that Franco-Bardales failed to provide sufficient evidence that his removal would result in hardship. This Court does not have jurisdiction to review the discretionary factual decision that Franco-Bardales failed to prove hardship. *See* 8 U.S.C. § 1252(a)(2)(B); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

Franco-Bardales, however, argues that the IJ denied him due process by impermissibly predetermining at his adjustment of status hearing that the heightened hardship standard, for a violent or dangerous crime, applied. *Compare* 8 U.S.C. § 1182(h)(1)(B) (general "extreme hardship" standard), *with* 8 C.F.R. § 1212.7(d) ("exceptional and extremely unusual hardship" standard for violent or dangerous crimes). Although the IJ stated prior to Franco-Bardales's testimony that she would be guided by the higher standard, Franco-Bardales did thereafter testify, and the IJ considered his testimony and the record in reaching her decision. Further, in her written decision, the IJ concluded that Franco-Bardales did not meet the lower hardship test, let alone the higher one. This Court cannot find that the proceeding before the IJ was "so fundamentally unfair that [Franco-Bardales] was prevented from reasonably presenting his case." *See Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) (citation and internal quotation marks omitted).

3

Last, we find that the evidence Franco-Bardales offered with his motion to reopen was largely cumulative and, to the extent it was not, the BIA considered and rejected it. Since there was no abuse of discretion, *see Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010), the Court denies Franco-Bardales's motion to reopen.

**DENIED.**