NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 6 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAUL CASTANEDA-AMEZQUITA,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.  15-73507
     16-73969

Agency No. A201-148-875

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2019**
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Raul Castaneda-Amezquita petitions for review of the decision of the Board

of Immigration Appeals ("BIA") affirming the decision of an immigration judge

("IJ") denying his applications for adjustment of status, waiver of inadmissibility,

withholding of removal, and protection under the Convention Against Torture

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"), as well as the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and deny the petition for review.

1. The BIA did not err in finding that Castaneda-Amezquita had been convicted of a crime involving moral turpitude ("CIMT"). The BIA correctly identified the elements of aggravated domestic assault under Arizona Revised Statutes ("A.R.S.") §§ 13-1203(A)(2), 13-1204(A)(4), and 13-3601. The BIA acknowledged that "simple" domestic assault, in violation of A.R.S. §§ 13-1203(A) and 13-3601, is not categorically a crime involving moral turpitude. *See Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1165–67 (9th Cir. 2006). But, it determined that the aggravating factor required under A.R.S. § 13-1204(A)(4)—that the victim be bound, physically restrained, or otherwise substantially impaired in capacity to resist—rendered the offense a CIMT. *See Ceron v. Holder*, 747 F.3d 773, 782–83 (9th Cir. 2014) (en banc). Given the BIA's thoughtful examination of controlling precedent and the offense at issue, we defer to its determination that this particular form of aggravated domestic assault is a CIMT. *See Rohit v. Holder*, 670 F.3d 1085, 1088 (9th Cir. 2012).

2. Nor did the agency err in its application of the heightened hardship standard when evaluating Castaneda-Amezquita's application for a waiver of inadmissibility. The BIA considered the hardship to both Castaneda-Amezquita and his wife in the event of removal and relied solely on the IJ's factual findings to do

15-73507

so. *See Rivera-Peraza v. Holder*, 684 F.3d 906, 910 (9th Cir. 2012). Thus, even if the IJ erroneously failed to consider the hardship that would befall Castaneda-Amezquita, the BIA's application of the correct standard renders that error harmless. *See Singh v. Holder*, 591 F.3d 1190, 1198 (9th Cir. 2010).

3. Substantial evidence supports the BIA's determination that Castaneda-Amezquita failed to demonstrate a likelihood of future persecution on account of his membership in a particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010). Castaneda-Amezquita has not suffered past persecution. The evidence he submitted either failed to discuss persecution of his alleged social group or involved limited examples of random acts of violence, which are insufficient to establish a likelihood of future persecution. *See id.* at 1015–16.

4. Substantial evidence also supports the BIA's determination that Castaneda-Amezquita failed to demonstrate eligibility for CAT protection. *See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). The record does not compel the conclusion that he will more likely than not be tortured by or with the acquiescence of public officials if returned to Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard [for CAT protection].").

15-73507

5.      Finally, although he challenges the BIA's denial of his motion to reopen on timeliness grounds, Castaneda-Amezquita has not challenged the BIA's alternative determination on the merits that reopening was not warranted.  Thus, we need not consider whether Castaneda-Amezquita was entitled to equitable tolling.

**PETITION DENIED.**