NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN ANTONIO FRANCO-BARDALES, AKA Marvin Antonio Franco, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM BARR, Attorney General, <br><br> Respondent. | No.   16-71558 <br><br> Agency No. A071-586-661 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2018[**]
Seattle, Washington

Before:  PAEZ and BEA, Circuit Judges, and ROYAL,[***] District Judge.

Marvin Franco-Bardales ("Franco-Bardales") petitions for review the Board

of Immigration Appeals ("BIA")'s denial of his motion to reconsider his final

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously voted to grant Petitioner's motion to submit the case on the briefs, without oral argument.  See Fed. R. App. P. 34(a)(1).

[***]     The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

order of removal based on a change in law. We grant the petition in part and remand to the BIA.

**1.** Franco-Bardales is a citizen of Guatemala who has lived in the United States since entering without inspection in 1983. After he was convicted and sentenced for violations of Oregon Stat. § 163.205 (first degree criminal mistreatment) and § 163.165 (third degree assault), the Department of Homeland Security ("DHS") initiated removal proceedings against him in 2010. Franco-Bardales applied for adjustment of status as relief from removal. Because he had conceded that Oregon third degree assault was a crime involving moral turpitude,[1] he also had to apply for a waiver of inadmissibility under 8 U.S.C. § 1182(h)(1)(B) ("212(h) waiver") in order to adjust his status.

There are two distinct burdens of proof for applicants seeking to obtain a 212(h) waiver: normally, an applicant must show "extreme hardship" to a qualifying family member; however, an applicant who has committed a "violent or dangerous crime" must show a heightened burden of "exceptional and extremely unusual hardship." *Compare* 8 U.S.C. § 1182(h)(1)(B) *with* 8 C.F.R. § 1212.7(d).

The immigration judge ("IJ") concluded that Franco-Bardales had committed a "violent and dangerous crime," could not meet his burden of proof to

---

[1] Under 8 U.S.C. § 1182(a)(2)(A)(i)(I), a conviction of a crime involving moral turpitude renders a noncitizen inadmissible.

merit a 212(h) waiver, and denied his adjustment application. Franco-Bardales was not successful in his appeal to the BIA, nor in his 2011 motion to reopen. On his consolidated appeal, we denied both petitions for review. *Franco-Bardales v. Holder*, 599 F. App'x 684, 685 (9th Cir. 2015) (unpublished).[2]

In 2015, Franco-Bardales filed another motion before the BIA, this time asking for reconsideration of its 2011 decision in his case, citing three recent opinions from the Ninth Circuit and Supreme Court. The BIA denied his motion to reconsider, which is the subject of our review.

**2.** The parties do not dispute whether the BIA erred in denying the motion to reconsider based on untimeliness. Rather, the issue before us is whether the BIA, acting sua sponte, erred in denying Franco-Bardales's motion to reconsider. In addition to denying the motion as untimely, the BIA denied sua sponte reconsideration because it did not find an exceptional situation or change in law to justify reconsideration.

The relevant regulation provides the BIA with authority to reopen or

---

[2] In our prior disposition, we upheld the IJ's analysis because we lacked jurisdiction to review the discretionary determination of whether a crime was violent or dangerous. *Franco-Bardales*, 599 F. App'x at 685 (citing *Torres-Valdivias v. Holder*, 766 F.3d 1106, 1108 (9th Cir. 2014)). Here, our review is limited to whether the BIA considered the proper legal framework for violent or dangerous crime determinations, not the discretionary determination itself. *Cf. Menendez v. Whitaker*, 908 F.3d 467, 471 (9th Cir. 2018) (citing *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)).

3

reconsider sua sponte, on its own motion or at the request of either party of the decision, at any time, any case in which the BIA has rendered a decision. *See* 8 C.F.R. § 1003.2(a). Generally, we lack jurisdiction to review the BIA's discretionary decisions over its sua sponte authority to reopen or reconsider. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002) (holding there is no jurisdiction to review the BIA's discretionary decision where "we cannot discover a sufficiently meaningful standard against which to judge the BIA's decision not to reopen" sua sponte).

Since *Ekimian*, however, we have held that we have jurisdiction to review the BIA's exercise of sua sponte authority in limited contexts where there is law to apply to determine whether the BIA's decision rested on a legal or constitutional error. *See Menendez v. Whitaker*, 908 F.3d 467, 474–75 (9th Cir. 2018) (exercising jurisdiction where the BIA declined to exercise its sua sponte authority to reopen despite a change in law and remanding because the BIA "did not rely on an appropriate ground in refusing to reopen [petitioner]'s case"); *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (concluding that the denial of sua sponte reopening was based on a misunderstanding of the substantive law governing the relief available to the petitioner, and remanding to the BIA "so it may exercise its authority against the correct legal background"); *Singh v. Holder*, 771 F.3d 647 (9th Cir. 2014) (holding there was jurisdiction over denial of sua sponte reopening

4

because the BIA's decision rested on the erroneous conclusion that it did not have authority to reopen).

**3.** As in *Menendez*, *Bonilla* and *Singh*, there is law to apply in Franco-Bardales's case. He argues there was a "change in law" warranting sua sponte reconsideration. Thus, there are limited legal questions that we have jurisdiction to review. *See Matter of G-D-*, 22 I. & N. Dec. 1132 (BIA 1999) (holding that a fundamental change in law could warrant exercise of BIA's sua sponte authority); *Matter of O-S-G-*, 24 I. & N. Dec. 56, 59 (BIA 2006) (asking whether the respondent had "identif[ied] the precedent, statute, or regulation at issue and show[n] how the change materially affects the outcome of the case").

Here, the BIA concluded—without any analysis or reference to the record—that Franco-Bardales failed to cite controlling precedent that would change the outcome of his proceeding. However, he did cite three controlling cases in support of his arguments why the BIA should reconsider its earlier decision as the legal framework around "violent or dangerous crime" determinations had changed. Most pertinently, he argued that, based on new law under *Torres-Valdivias v. Lynch*, 786 F.3d 1147 (9th Cir. 2015), the BIA erred in affirming the IJ's legally erroneous analysis of his Oregon convictions.

Originally, the IJ concluded that Franco-Bardales had committed a "violent and dangerous crime" after limiting herself to the state court record of conviction

and ruling that she could not consider his testimony about the incident, even though she found it credible. The BIA affirmed that determination in 2011. Since then, however, we have decided *Torres-Valdivias*, which holds that "violent or dangerous crime" determinations under 8 C.F.R. § 1212.7(d) do not require the categorical approach. 786 F.3d at 1152. Therefore, under *Torres-Valdivias*, the IJ could have considered Franco-Bardales's testimony and the factual evidence he presented, rather than restricting herself to the record of conviction. *Id*. The BIA never considered whether, had Franco-Bardales been held to the normal "extreme hardship" burden to obtain a 212(h) waiver, he would have met that lower burden and therefore qualified for adjustment of status.

As in *Menendez* and *Bonilla*, we read the BIA's decision to be premised on a legal misunderstanding of Franco-Bardales's argument. We therefore exercise jurisdiction to grant the petition in part and remand to the BIA to reconsider Franco-Bardales's case in light of *Torres-Valdivias*.[3] On remand, the BIA should reconsider whether the lower standard would have made a difference in his case. We do not preclude the BIA from denying sua sponte reconsideration on its own discretion, at which point we would not have jurisdiction to review that decision.

---

[3] Because the BIA provided only a one-sentence explanation before dismissing Franco-Bardales's change in law arguments, we remand to allow the agency to address the remaining issues that he raised in his motion to reconsider. *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).

Petition **GRANTED IN PART** and **REMANDED**.  Each party shall bear their own costs.