NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIO QUINTANILLA-JURADO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1326

Agency No.
A205-319-156

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023**
Pasadena, California

Before: M. SMITH and DESAI, Circuit Judges, and AMON, District Judge.***

Mario Quintanilla-Jurado, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal of the Immigration Judge's ("IJ") denial of his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***    The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

have jurisdiction under 8 U.S.C. § 1252. The BIA's denials of withholding of removal and CAT claims are reviewed for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We "must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* Pure legal issues are reviewed de novo. *Rivera-Peraza v. Holder*, 684 F.3d 906, 909 (9th Cir. 2012). We deny Mr. Quintanilla-Jurado's petition for review.

First, the BIA denied Mr. Quintanilla-Jurado's withholding of removal claim because he proposed two particular social groups that were not properly raised before the IJ. The BIA properly declined to review the new groups for the first time on appeal. *See In re J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007). Under the facts of this case, Mr. Quintanilla-Jurado did not exhaust "all administrative remedies available to [him] as of right." 8 U.S.C. § 1252(d)(1). We therefore deny the petition as to Mr. Quintanilla-Jurado's withholding of removal claim.

Second, substantial evidence supports the BIA's finding that Mr. Quintanilla-Jurado was ineligible for protection under CAT. To qualify for CAT protection, a movant bears the burden of proving that it is more likely than not that he would be tortured by or with the acquiescence of the government if removed. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 891 (9th Cir. 2021). The BIA did not err by finding that the evidence presented fails to establish that it is more likely than not that the government of El Salvador would acquiesce in Mr. Quintanilla-Jurado's torture. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836

2

(9th Cir. 2016) (finding "inability to bring the criminals to justice" and "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence"). We therefore deny the petition as to Mr. Quintanilla-Jurado's CAT claim.

Finally, Mr. Quintanilla-Jurado has not established that the IJ violated his due process rights. Mr. Quintanilla-Jurado's allegation that the IJ did not adequately weigh the evidence does not overcome the presumption that the IJ reviewed all relevant evidence or establish that the alleged violation affected the outcome of the proceeding. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000); *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095–96 (9th Cir. 2000).

The petition for review is **DENIED.**