**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 4 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GANGSHUI ZHANG, | No. 15-73367 |
| Petitioner, | Agency No. A205-175-832 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2023
Pasadena, California

Before: BYBEE, FISHER,[**] and DESAI, Circuit Judges.

Gangshui Zhang, a native and citizen of China, petitions for review of the denial of his applications for asylum and withholding of removal by the Board of Immigration Appeals ("BIA"). We have jurisdiction under 8 U.S.C. § 1252. We grant Mr. Zhang's petition for review.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

The BIA affirmed the Immigration Judge's ("IJ") denial of asylum and withholding of removal after concluding that the IJ made an adverse credibility determination that was not clearly erroneous. We review the BIA's adverse credibility determination and the denial of asylum and withholding of removal for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We must uphold the agency determination unless the evidence compels a contrary conclusion. *Id.* Pure legal issues are reviewed de novo. *Rivera-Peraza v. Holder*, 684 F.3d 906, 909 (9th Cir. 2012).

Substantial evidence does not support the BIA's determination that the IJ made an adverse credibility finding, as opposed to concluding that Mr. Zhang failed to satisfy his burden of proof. But even if the IJ did make such a determination, the BIA's adverse credibility determination was not supported by substantial evidence.

1. Although the IJ used the term credibility in the decision, the IJ's analysis and conclusions address only whether Mr. Zhang proved he was entitled to relief. The IJ also acknowledged Mr. Zhang's explanations for each apparent inconsistency. The IJ thus did not make an explicit adverse credibility determination. *See Perez-Arceo v. Lynch*, 821 F.3d 1178, 1186 (9th Cir. 2016) (holding that an IJ must identify specific, cogent reasons supporting an adverse credibility determination). Because the IJ did not make an adverse credibility determination, the BIA should have presumed Mr. Zhang was credible. *See Garland v. Ming Dai*,

141 S. Ct. 1669, 1681 (2021) (holding the BIA must apply "a presumption of credibility if the IJ did not make an explicit adverse credibility determination").

2.    Even if the IJ sufficiently stated an adverse credibility finding, in affirming the decision, the BIA's adverse credibility determination was not supported by substantial evidence. The BIA affirmed the adverse credibility finding based on two alleged inconsistencies in Mr. Zhang's testimony. First, the BIA found it was unclear when Mr. Zhang first went to a government office to seek help. But Mr. Zhang provided a reasonable explanation for the alleged inconsistent dates— that he simply misunderstood the question and whether he was asked about any report to a government office or the formal act of petitioning for relief. The BIA did not acknowledge his explanation or explain how the alleged inconsistency bore on Mr. Zhang's credibility. *See Shrestha v. Holder*, 590 F.3d 1034, 1044–45 (9th Cir. 2010) (explaining that an adverse credibility finding must "take into account the totality of circumstances, and should recognize that the normal limits of human understanding and memory may make some inconsistencies or lack of recall present in any witness's case"). Second, the BIA found that Mr. Zhang's testimony about his injury and necessary treatment was not supported by the documentary evidence. But mere omission of corroborating evidence is not sufficient to uphold an adverse credibility determination. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) ("It is well established that 'the mere omission of details is insufficient to uphold an

adverse credibility finding.'" (quoting *Singh v. Gonzales*, 403 F.3d 1081, 1085 (9th Cir. 2005))). Moreover, Mr. Zhang provided a reasonable explanation for why his medical records documented only out-patient treatment. There is therefore no inconsistency between Mr. Zhang's oral testimony and his documentary evidence. Thus, even if the IJ made an adverse credibility determination, it was not supported by substantial evidence.

Because we grant Mr. Zhang's petition based on the BIA's erroneous reliance on an adverse credibility determination, we do not reach Mr. Zhang's due process and ineffective assistance of counsel claims. However, on remand, it is appropriate for the BIA to address those claims in the first instance.

The petition for review is **GRANTED and REMANDED.**