**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO ANTONIO GRIMALDY IRAHETA,<br><br>  Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>  Respondent. | No.  17-71069<br><br>Agency No. A044-020-955<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2020**
Pasadena, California

Before:  GOULD and LEE, Circuit Judges, and KORMAN,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Guillermo Grimaldy Iraheta ("Grimaldi")[1], a citizen of El Salvador, has filed a Petition for Review of the decision of the Board of Immigration Appeals (BIA) denying of waivers of inadmissibility under 8 U.S.C. §§ 1182(h) and (i). After a hearing, the IJ found Grimaldi removable and ineligible for waivers of inadmissibility for purposes of adjustment of status, and denied his objections to the admissibility of a transcript of his victim's testimony from his 1982 conviction and to the probation officer's report concerning that conviction. Grimaldi appealed, and the BIA affirmed the IJ. This appeal presented by Petition for Review followed. We have jurisdiction under 8 U.S.C. § 1252 as to Grimaldi's objections to the admissibility of the transcript and probation report, and deny as to this part of the Petition. Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review the IJ's rejection of Grimaldi's requested 212(h) waiver, and so we dismiss as to this part of the Petition.

When the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, we review decisions of the BIA except to the extent that the IJ's opinion is expressly adopted. *See Bingxu Jin v. Holder*, 748 F.3d 959, 964

---

[1] As noted by Appellant, it appears that the BIA incorrectly transcribed Mr. Grimaldi's last name as "Grimaldy" in its March 20, 2017 Decision. C.A.R. 3 (Board Decision), 58 (IJ Decision, spelling his name as "Grimaldi"). For this reason, this memorandum disposition will use the correct spelling "Grimaldi," rather than the wrongly transcribed "Grimaldy."

(9th Cir. 2014). The BIA's decision may only be upheld under the reasoning actually relied on by the BIA. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).

The Immigration and Nationality Act generally bars us from exercising jurisdiction over discretionary decisions of the immigration authorities, including whether an applicant for adjustment of status merits a waiver of inadmissibility under section 212(h), and whether an offense is a "violent or dangerous crime," triggering the heightened hardship standard set forth in 8 C.F.R. § 1212.7(d). But we retain jurisdiction to review any colorable legal question or constitutional claims, which are reviewed *de novo*. *Mejia v. Gonzales*, 499 F.3d 991, 998 (9th Cir. 2007).

The United States Supreme Court has held that non-citizens in removal proceedings are entitled to due process of law under the Fifth Amendment in the form of a full and fair hearing. *Reno v. Flores*, 507 U.S. 292, 306 (1993). Also, by statute under 8 U.S.C. § 1229a(b)(4)(B, an alien in removal proceedings "shall have a reasonable opportunity to examine the evidence against [him or her], to present evidence on [his or her] own behalf, and to cross-examine witnesses presented by the Government." Strict rules of evidence, as applied in the district courts, do not apply in immigration proceedings. *Baliza v. I.N.S.*, 709 F.2d 1231, 1233 (9th Cir. 1983). Instead, we have held that: "The sole test for admission of evidence is whether the evidence is probative, and its admission is fundamentally fair." *Espinoza v. I.N.S.*, 45 F.3d 308, 310 (9th Cir. 1995).

The IJ properly rejected Grimaldi's arguments that the sworn testimony of the victim of his 1982 conviction was inadmissible hearsay that violated his Fifth Amendment right to cross-examine a witness against him. First, the transcript of the sworn testimony of the victim was highly probative of the facts of Grimaldi's crimes. The admission of the victim's statements was also fundamentally fair. The testimony was given under oath during a preliminary hearing, where Grimaldi's attorney cross-examined the witness. So, Grimaldi had the opportunity to test the truth of his victim's statements at the time the victim made them. Even under the stricter rules of evidence in criminal proceedings, former testimony is admissible. *Crawford v. Washington*, 541 U.S. 36, 53–56 (2004).

We stress that the testimony was also undoubtedly probative of the nature and violence of Grimaldi's crimes.

The IJ also properly admitted the probation officer's report. The probation officer's report was relevant to the IJ's determination of whether to exercise discretion to Grimaldi's benefit, and the IJ did not use it for the purpose of determining his removability. *See Tokatly v. Ashcroft*, 371 F.3d 613, 621 (9th Cir. 2004).

The probation officer's report was also fundamentally fair, because it set out Grimaldi's own statements made shortly after his conviction, and Grimaldi did not

4

allege that the report mischaracterized what he had told the officer or that it distorted his testimony.

We hold that the IJ did not violate Grimaldi's due process rights by admitting and considering the testimony of Grimaldi's victim from his 1982 conviction and the probation officer's report. And so we deny on this aspect of the Petition for Review.

We also hold that the IJ's rejection of Grimaldi's requested 212(h) waiver was proper and was discretionary. And so we dismiss as to this part of the Petition. Under 8 U.S.C. § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i).

We also do not have jurisdiction to review the agency's determination that an offense is a "violent or dangerous crime" under 8 C.F.R. § 1212.7(d). *Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1152-53 (9th Cir. 2015).

The IJ properly rejected Grimaldi's requested 212(h) waiver. The IJ's alternative finding that Mr. Grimaldi does not merit a 212(h) waiver as an exercise of discretion is dispositive of his eligibility. This discretionary decision is precluded from our review, and the Petition for Review of the IJ's rejection of Grimaldi's requested 212(h) waiver is dismissed.

**PETITION DENIED IN PART AND DISMISSED IN PART.**