**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK CAU, AKA Patrick Kaiser,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-71866

Agency No. A200-224-464

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2020
Pasadena, California

Before:  WATFORD, THAPAR,** and COLLINS, Circuit Judges.

Patrick Cau petitions for review of a Board of Immigration Appeals decision

denying his request for a discretionary adjustment of status.  He argues that the

agency violated the Due Process Clause when adjudicating his claim.  But Cau's

due-process arguments are not colorable.  So we must dismiss the petition for lack

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Amul R. Thapar, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of jurisdiction.

## I.

Patrick Cau is a German citizen.  He entered the United States on a six-month visitor visa.  But instead of leaving the country when his visa expired, Cau remained and made eight bomb threats against commercial aircraft.  He was arrested, convicted, and sentenced to eighteen months in prison.  18 U.S.C. § 1038(a)(1).

The government then initiated removal proceedings.  Cau conceded removability but sought an adjustment of status to remain in the United States.  *See* 8 U.S.C. § 1255.  An Immigration Judge denied the request as a matter of agency discretion.  He found that Cau's bomb threats were dangerous and that no "exceptional and extremely unusual hardship" justified allowing Cau to remain in the United States. *Matter of Jean*, 23 I. & N. Dec. 373, 383 (A.G. 2002).  The BIA affirmed, and Cau now petitions this court for review.

## II.

We generally lack jurisdiction to review discretionary adjustment-of-status decisions.  8 U.S.C. § 1252(a)(2)(B)(i); *Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1151 (9th Cir. 2015).  However, we retain jurisdiction over colorable constitutional claims.  8 U.S.C. § 1252(a)(2)(D); *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007).  To be colorable, a "claim must have some possible validity." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (citation omitted).

2

And since "the petitioner bears the burden of raising a colorable constitutional claim . . . we must presume that we lack jurisdiction absent such a showing." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

Cau raises two main due-process arguments. He says that the agency: (1) failed to base its decision on facts in the record, and (2) failed to review all record evidence. Neither argument is colorable, so we lack jurisdiction.

## A.

Cau first argues that the agency did not rely on facts in the record when it found that his bomb threats were dangerous. But the agency based its dangerousness decision on the stipulated facts set forth in Cau's plea agreement. And that agreement was part of the record. The plea agreement recounts how law enforcement officers had to tow the planes to safety, evacuate the passengers, and then search the planes using canines and other methods. Based on the facts in the plea agreement, the Immigration Judge concluded that the bomb threats expended "valuable law enforcement resources," had "the potential to induce panic," and that "[p]assengers and crew could have been injured during an evacuation." Cau's claim that the agency did not base its decision on record evidence is not colorable.

## B.

Next, Cau argues that the agency violated the Due Process Clause by failing to review all record evidence. He says the agency ignored his testimony (as a former

3

flight attendant) that bomb threats are generally an inconvenience rather than a danger.

This court has previously held that due process requires immigration officials to review all relevant evidence before reaching their decisions. *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). However, an alien attempting to establish such a violation "must overcome the presumption that [the agency official] did review the evidence." *Id.* at 1095–96. Cau cannot overcome that presumption here. The record shows that the Immigration Judge carefully reviewed Cau's testimony—summarizing it, grappling with it, and specifically noting Cau's statements about the effects of his bomb threats. Cau's bare assertion that the Immigration Judge did not consider his testimony falls far short of rebutting the presumption that the Immigration Judge did so.

## C.

More fundamentally, a petitioner cannot create a colorable claim "simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). But that is exactly what Cau tries to do here. His overarching argument is that the agency violated his rights by incorrectly analyzing the evidence. That is a textbook abuse-of-discretion claim, not a bona fide due-process argument. *See Monroy v. Lynch*, 821 F.3d 1175, 1177–78 (9th Cir. 2016). Because Cau's due-process arguments are really arguments that the agency

4

abused its discretion, we lack jurisdiction to consider them.

The petition for review is DISMISSED.