FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENZO CHIARELLA-CERRON,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-71832<br><br>B.I.A. No. A095-775-192<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2015[**]
San Francisco, California

Before: GILMAN,[***] GRABER, and WATFORD, Circuit Judges.

Petitioner Renzo Chiarella-Cerron seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") entry of a final order of removal.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

1.  Substantial evidence supports the BIA's adverse credibility determination.  See Singh v. Holder, 638 F.3d 1264, 1268–69 (9th Cir. 2011) (stating the standard of review).  In an effort to convince the IJ that his removal would result in hardship to his family, thus justifying discretionary relief from removal to Peru, Petitioner testified that his wife speaks only a "little bit" of Spanish and does not read or write in Spanish.  To the contrary, Petitioner's wife testified that she speaks Spanish fluently and reads and writes in Spanish.  In this case governed by the REAL ID Act, we must uphold the adverse credibility determination; and we note that this inconsistency goes to the heart of Petitioner's claim for relief.  We therefore deny the petition with respect to the adverse credibility determination.

2.  The BIA correctly held that Petitioner was convicted of conspiracy to commit assault, in violation of California Penal Code section 245(a)(1).  Petitioner pleaded nolo contendere to "Count 2" and admitted to the allegations in the felony complaint.  The complaint alleged, in Count 2, that Petitioner and others "did conspire together to commit a crime, a violation of section 245(a)(1) of the Penal Code of the State of California."  Accordingly, we deny the petition with respect to the BIA's identifying the statute of conviction.

3. The BIA held that Petitioner was inadmissible for having been convicted of a crime involving moral turpitude, 8 U.S.C. § 1182(a)(2)(A)(i)(I), and that, accordingly, Petitioner was ineligible for adjustment of status pursuant to 8 U.S.C. § 1255(i). The BIA reasoned that it was bound by our decision in Gonzales v. Barber, 207 F.2d 398 (9th Cir. 1953), aff'd on other grounds, 347 U.S. 637 (1954), that an assault in violation of California Penal Code section 245(a)(1) is a crime involving moral turpitude.

Although correct at the time, the BIA's holding has been overtaken by recent developments. In Ceron v. Holder, 747 F.3d 773, 779–85 (9th Cir. 2014) (en banc), we overruled Barber and related cases. We remanded to the BIA to determine, in the first instance, whether assault in violation of California Penal Code section 245(a)(1) is a crime involving moral turpitude, in part because "we have created error in the BIA's decision and have thwarted the ordinary procedure through which the BIA has the first opportunity to assess whether a crime involves moral turpitude." Ceron, 747 F.3d at 784. The same reasoning applies here, and we are bound by Ceron. Accordingly, we grant the petition with respect to the moral turpitude issue and remand for further proceedings consistent with Ceron.

4. Pursuant to our recent decision in Torres-Valdivias v. Lynch, 786 F.3d 1147, 1152–53, (9th Cir. 2015), we lack jurisdiction over Petitioner's argument

3

that the BIA erred in determining that he committed a "violent or dangerous crime" under <u>In re Jean</u>, 23 I. & N. Dec. 373 (Att'y Gen. 2002), and 8 C.F.R. § 1212.7(d). We dismiss the petition with respect to the BIA's denial of a waiver of inadmissibility.

**Petition DENIED in part, GRANTED in part, and DISMISSED in part.**

The parties shall bear their owns costs on appeal.