FILED

**NOT FOR PUBLICATION**

DEC 16 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILTON YOAO ESTRADA OLIVERA, AKA Milton Estrada, AKA Milton Olivera, | No. 14-70257 |
| Petitioner, | Agency No. A043-802-503 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:      WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Milton Yoao Estrada Olivera, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for cancellation of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), and we deny in part and dismiss in part the petition for review.

Our jurisdiction to review the BIA's denial of cancellation of removal as a matter of discretion is limited to questions of law and constitutional claims, 8 U.S.C. § 1252(a)(2)(B),(D), and Estrada Olivera has not established that the BIA used an incorrect standard or considered impermissible factors in making its discretionary determination, *see Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007). In addition, the agency did not err in relying on the 2009 police report in evaluating his eligibility as a matter of discretion. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("The sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair."); *Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1152 (9th Cir. 2015) ("In the context of the BIA's discretionary decisions, we have noted that 'it is proper [for the BIA] to look to probative evidence outside the record of conviction . . . to determine whether a favorable exercise of discretion is warranted.'") (quoting *Tokatly v. Ashcroft*, 371 F.3d 613, 621 (9th Cir. 2004)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error is required to establish due process violation).

Finally, Estrada Olivera has not established that the BIA failed to consider his contentions on appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**