**NOT FOR PUBLICATION**

**FILED**

JAN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PABLO ANTONIO NAVARRETE NAVAS, | No.   18-72020 |
| Petitioner, | Agency No. A072-398-795 |
| v. | MEMORANDUM[*] |
| ROBERT M. WILKINSON, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2021[**]
San Francisco, California

Before:  BYBEE and R. NELSON, Circuit Judges, and WHALEY,[***] District Judge.

Pablo Antonio Navarrete Navas ("Navarrete"), a native and citizen of El

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

Salvador, petitions for review of the Board of Immigration Appeals ("BIA") decision reversing the 2017 Immigration Judge ("IJ") decision granting his application for adjustment of status. Navarrete claims that the BIA applied the wrong standard of review. Our jurisdiction is governed by 8 U.S.C. § 1252(a)(2)(D). *See Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). We grant the petition and remand.

Because the parties are familiar with the facts, we do not recite them here. Generally, this Court cannot review the BIA's discretionary decision to deny a noncitizen adjustment of status under 8 U.S.C. § 1255. *Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1151 (9th Cir. 2015). However, this Court retains jurisdiction over constitutional questions and questions of law. *Id.* And whether the BIA applied the correct standard of review to the IJ's decision is a question of law this Court reviews de novo. *Vitug v. Holder*, 723 F.3d 1056, 1062–63 (9th Cir. 2013). The BIA may not engage in de novo review of the IJ's findings of fact. *Id.* at 1063; 8 C.F.R. § 1003.1(d)(3)(i). Instead, the BIA shall review the IJ's factual findings for clear error. *Vitug*, 723 F.3d at 1063.

The BIA engaged in de novo fact-finding by contradicting the IJ's findings with respect to the family's medical and financial needs without rejecting those findings as clearly erroneous. The BIA found that Navarrete's son's dental problems had been corrected. This is contrary to the IJ's finding that Navarrete's

son "continues to need orthodontic care to fully correct [his dental issues]." Similarly, the BIA characterized Navarrete's wife's health problems as "relatively minor," even though the IJ found that Navarrete's wife feels ill on a weekly basis and depends on Navarrete for her care and to pay for her medical expenses. Lastly, the BIA's finding that Navarrete's children and wife could stay in the home that Navarrete "owns" contradicts the IJ's finding that the family would lose the home.

Additionally, the BIA made factual findings that the IJ never made: (1) that Navarrete's father-in-law's transfer to a nursing home decreased Navarrete's responsibility; and (2) that Navarrete could find employment in El Salvador.

For these reasons, we conclude that the BIA failed to apply the clear error standard of review to the IJ's factual findings. *See* 8 C.F.R. § 1003.1(d)(3)(i) ("Facts determined by the [IJ] . . . shall be reviewed only to determine whether the findings of the [IJ] are clearly erroneous."); *see Vitug*, 723 F.3d at 1064; *see also Matter of Z-Z-O-*, 26 I. & N. Dec. 586, 590 (BIA 2015) ("[A]n [IJ]'s predictive findings of what may or may not occur in the future are findings of fact . . ."). We therefore grant the petition and remand for the BIA to review the IJ's findings of fact for clear error.

**PETITION FOR REVIEW GRANTED; REMANDED.**