**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTEMIO MERAZ-HERNANDEZ, AKA Artemio Hernandez Meraz,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.    19-72996<br><br>Agency No. A090-848-665<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021**

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Artemio Meraz-Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his motion to terminate and his

application for cancellation of removal.  Our jurisdiction is governed by 8 U.S.C.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, including whether an offense is a crime involving moral turpitude. *Orellana v. Barr*, 967 F.3d 927, 932 (9th Cir. 2020). We review for abuse of discretion the agency's denial of a motion to terminate. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not err in finding Meraz-Hernandez removable as an "alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct," *see* 8 U.S.C. § 1227(a)(2)(A)(ii), where Meraz-Hernandez's convictions under California Penal Code ("CPC") section 646.9(a) and (c)(2) are categorically crimes involving moral turpitude, *see Orellana*, 967 F.3d at 938 (concluding a conviction under CPC § 646.9(a) is categorically a crime involving moral turpitude); *id*. at 933 n.5 ("[CPC § 646.9] contains other provisions that enhance the penalty for a violation of § 646.9(a) depending on the presence of other factors. Cal. Pen. Code § 646.9(b)–(c). A § 646.9(a) violation is a predicate for these enhancements."). Thus, the agency did not abuse its discretion in denying Meraz-Hernandez's motion to terminate.

19-72996

We lack jurisdiction to consider Meraz-Hernandez's contentions as to the merits of the agency's discretionary denial of his application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012) (court lacks jurisdiction to review "the merits of a discretionary decision to deny cancellation of removal" but retains jurisdiction to review legal and constitutional questions). Meraz-Hernandez's contentions that the agency erred in its analysis of his cancellation of removal claim, misstated facts, or otherwise denied him due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1152 (9th Cir. 2015) ("In the context of the BIA's discretionary decisions, we have noted that 'it is proper [for the BIA] to look to probative evidence outside the record of conviction in inquiring as to the circumstances surrounding the commission of [a] crime in order to determine whether a favorable exercise of *discretion* is warranted.'" (internal citation omitted)).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

3                                                                                    19-72996