**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL HENRY TICONA, | No.    17-71674 |
| Petitioner, | Agency No. A072-516-141 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2023[**]
Pasadena, California

Before: SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

Daniel Henry Ticona petitions for review of an order of the Board of

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his application for a waiver of inadmissibility under § 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the BIA's final order of removal for "constitutional claims or questions of law," *Romero-Millan v. Garland*, 46 F.4th 1032, 1040 (9th Cir. 2022), but we lack jurisdiction to review issues that fall within the BIA's discretionary authority, *see Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1152–53 (9th Cir. 2015), unless the petition raises a "colorable" constitutional challenge to an otherwise discretionary BIA decision, *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 736 (9th Cir. 2012). We deny in part and dismiss in part Ticona's petition. While our review is normally limited to the BIA's decision, we may look to the IJ's decision when "the BIA incorporates parts of the IJ's reasoning as its own," *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010), including when, as here, the BIA's opinion appears to adopt the IJ's decision by giving examples from it, *see Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008).

The BIA did not err in concluding that Ticona's conviction for assault with a deadly weapon under Section 245(a)(1) of the California Penal Code was a crime involving moral turpitude (CIMT) under 8 U.S.C. § 1182(a)(2)(A)(i)(I). *See*

2

*Safaryan v. Barr*, 975 F.3d 976, 981 (9th Cir. 2020) ("[A] violation of § 245(a)(1) is categorically a [CIMT].").

We lack jurisdiction to review Ticona's claim that the IJ and the BIA erred by concluding that Ticona was involved in a "violent or dangerous" crime under 8 C.F.R. § 1212.7(d) (2023). Whether a crime is "violent or dangerous" under 8 C.F.R. § 1212.7(d) is "[a] fact-intensive determination in which the equities must be weighed in reaching a conclusion" and is thus "a prototypical example of a discretionary decision" that we have no jurisdiction to review. *Torres-Valdivias*, 786 F.3d at 1152–53; *see also Martinez v. Clark*, 36 F.4th 1219, 1228 (9th Cir. 2022).

We also reject Ticona's argument that the IJ's conclusion violated his due process rights because the IJ failed to consider underlying facts showing that Ticona's crime was factually not violent or dangerous. The IJ conducted an individualized, circumstance-specific analysis, and Ticona's argument challenges only how the IJ weighed the evidence, which does not raise a due process claim. We have made clear that we have no jurisdiction to review "abuse of discretion challenges recast as alleged due process violations" because they "do not present sufficiently colorable constitutional questions." *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

**PETITION DENIED IN PART AND DISMISSED IN PART.**