**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PABLO ALONSO ARAQUE-SOTOMAYOR, AKA Pablo Alonso Araque, AKA Pablo Alonso Araque Sotomayor, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-70777 <br><br> Agency No. A205-387-240 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2023[**]
Pasadena, California

Before:  TASHIMA, HURWITZ, and BADE, Circuit Judges.

Pablo Alonso Araque Sotomayor, a native and citizen of Ecuador, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") dismissing

his appeal from an order of an Immigration Judge ("IJ") denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

adjustment of status. We deny the petition.

1. Araque contends that the immigration court lacked jurisdiction because the original Notice to Appear ("NTA") did not contain the address of the immigration court. But a subsequent Notice of Hearing provided the address and "an initial NTA need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing." *Aguilar Fermin v. Barr*, 958 F.3d 887, 889 (9th Cir. 2020).

2. Araque argues that transcription errors denied him due process. Although 8 U.S.C. § 1252(a)(2)(B)(i) strips our jurisdiction to review a BIA decision regarding the adjustment of status, § 1252(a)(2)(D) restores "jurisdiction over constitutional questions and questions of law." *Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1151 (9th Cir. 2015).

Araque's constitutional due process claim fails, however, because even assuming error, he has not demonstrated prejudice. *See Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021). The BIA accepted Araque's contentions of rehabilitation and recounted other equities in his favor but found them outweighed by negative ones. Araque does not show how a more complete transcript would have affected the agency's decision. *See Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020).

3. Araque argues that the agency committed an error of law by failing to

2

consider evidence relating to his rehabilitation. *See Rashtabadi v. INS*, 23 F.3d 1562, 1571 (9th Cir. 1994) (rehabilitation "must be considered in a case involving an alien who has committed a serious criminal offense"); *see also Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019) (holding that notwithstanding 8 U.S.C. § 1252(a)(2)(B)(i), we "have jurisdiction to review whether the [BIA] considered relevant evidence in making" discretionary decisions).

The argument fails. We presume that "the BIA thoroughly considers all relevant evidence in the record." *Id.* at 897. The transcript contains Araque's statement that "I was a GED tutor," and the BIA accepted as true the statements in Araque's briefing about his tutoring "over 100 people" for the GED and his expressed remorse for the actions that led to his conviction. The presentence report about Araque's conviction, which was in the agency record, noted Araque's acceptance of responsibility.

The BIA also noted several positive equities, including Araque's "professional career and property ownership." It also considered restitution, which "furthers the traditional sentencing goals of rehabilitation and deterrence, by forcing defendants to directly witness the effects of their crimes." *In re Silverman*, 616 F.3d 1001, 1009 (9th Cir. 2010). This is thus not a case of the agency "misstating the record and failing to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011).

**PETITION DENIED.**