**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MAR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS JOSE LAINEZ ESPINAL, | No. 20-73628 |
| Petitioner, | Agency No. A088-967-660 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Carlos Jose Lainez Espinal, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' ("BIA's") order dismissing his appeal from an immigration judge's ("IJ's") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's denial of cancellation of removal as a matter of discretion.  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions).

Lainez Espinal's contention that having different IJs conduct proceedings and issue his decision violated due process fails, where the second IJ reviewed the record and discussed the testimony and evidence.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error and prejudice are required to prevail on a due process claim).  Lainez Espinal has not shown prejudice from the IJ's misstatement of his entry date.  *See id.*

The agency did not rely on improper evidence or err by considering the discrepancy between Romero's testimony and his documentary evidence.  *See Torres–Valdivias v. Lynch*, 786 F.3d 1147, 1152 (9th Cir. 2015) ("In the context of the BIA's discretionary decisions, we have noted that 'it is proper [for the BIA] to look to probative evidence outside the record of conviction . . . to determine whether a favorable exercise of *discretion* is warranted.'"); *Garland v. Ming Dai*,

20-73628

141 S. Ct. 1669, 1681 (2021) (the agency may weigh the persuasiveness of different evidence).

We do not address Lainez Espinal's contentions as to the continuous physical presence requirement because the BIA did not deny relief on this ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**