**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS CONTRERAS-PORTILLO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-326 <br><br> Agency No. A094-320-457 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2023
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and ANTOON, District Judge.[**]

Juan Carlos Contreras-Portillo (Petitioner), a native and citizen of El

Salvador, petitions for review of an order of the Board of Immigration Appeals

(BIA) denying his motion to reconsider and reopen his immigration

proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

the petition.

We review for abuse of discretion the denial of a motion to reopen, "although *de novo* review applies to the BIA's determination of purely legal questions." *Mejia v. Ashcroft,* 298 F.3d 873, 876 (9th Cir. 2002). The BIA does not abuse its discretion unless it "act[s] arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). Because the parties are familiar with the facts, we repeat them here only as necessary.

1. In his motion to reconsider and reopen, Petitioner argued that the BIA should reopen the proceedings so that the immigration judge (IJ) could consider Petitioner's application for adjustment of status. The BIA concluded that because Petitioner is an "arriving alien," the IJ lacked jurisdiction over his application and jurisdiction rested solely with U.S. Citizenship and Immigration Services (USCIS). *See* 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1).[1] The BIA alternatively ruled de novo that it would deny Petitioner's application for adjustment of status in the exercise of discretion even if Petitioner was not an

---

[1]      Petitioner, who initially entered the United States unlawfully but was subsequently granted temporary protected status (TPS), argued that he was not an "arriving alien" based on a now-rescinded USCIS decision applying the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 (MTINA), Pub. L. 102-232, § 304, 105 Stat. 1733 (codified at 8 U.S.C. § 1254a note). We ordered the parties to be prepared at argument to address the Fifth Circuit's decision in *Duarte v. Mayorkas*, 27 F.4th 1044 (5th Cir. 2022), which also analyzed MTINA and considered whether TPS holders qualify as "arriving aliens" when they return from authorized travel outside the United States. *Id.* at 1061. Because the BIA's alternative holding is independently sufficient to deny Contreras-Portillo's petition for review, we do not address MTINA or *Duarte*.

"arriving alien." *See Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1152 (9th Cir. 2015) ("Adjustment of status under 8 U.S.C. § 1255 is a discretionary form of relief."). Petitioner argues that the BIA erred when it affirmed the IJ's ruling that he is an "arriving alien," but he did not challenge the BIA's discretionary determination in his opening brief to this court, thus forfeiting the issue. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010). Because the BIA's discretionary determination was independently sufficient to deny Petitioner's request for reopening to adjudicate his application for adjustment of status, we do not address whether Petitioner was an "arriving alien."

2. In its order denying Petitioner's motion to reopen and reconsider, the BIA also assumed that Petitioner was not an "arriving alien" and, ruling de novo, denied his application for voluntary departure in the exercise of discretion. We lack jurisdiction to reweigh the factors that the BIA considered when it denied voluntary departure, but we retain jurisdiction to review "constitutional claims or questions of law in challenges to denials of voluntary departure." *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021) (quoting *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013)).

Petitioner argues that the BIA legally erred by failing to consider relevant discretionary criteria. We are not persuaded. When making a voluntary departure determination, the agency must weigh "favorable and unfavorable factors by evaluating all of them, assigning weight or importance to each one separately and then to all of them cumulatively." *Campos-Granillo v. INS*, 12

F.3d 849, 852 (9th Cir. 1993) (quotation and alterations omitted). Favorable factors include "'family ties within the United States; residence of long duration in this country, particularly if residence began at a young age' as well as 'proof of rehabilitation if a criminal record exists; and other evidence attesting to good character.'" *Zamorano*, 2 F.4th at 1221 (quoting *Campos-Granillo*, 12 F.3d at 852 n.8). The IJ made findings about these factors when it denied Petitioner's application for cancellation of removal. The IJ found that the favorable factors in Petitioner's case were outweighed by unfavorable factors, which included Petitioner's lengthy criminal history, his "repeated and continuous . . . alcohol abuse over the last 15 or 16 years," his "negative immigration history," and his "lie[s] to [i]mmigration officials about his name and country of birth." The BIA expressly incorporated these factual findings when it denied Petitioner's request for voluntary departure. In doing so, it weighed the positive factors against Petitioner's immigration history, the nature of his prior entries into the United States, and evidence of Petitioner's criminal history and "unfavorable" conduct. Contrary to Petitioner's argument, the BIA applied the correct legal standard and concluded that Petitioner did not warrant voluntary departure in the exercise of discretion. The BIA did not legally err, and we lack jurisdiction to reweigh its discretionary determination that Petitioner did not warrant voluntary departure.

**PETITION DENIED.**