NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OMAR ALEJANDRO OLMOS
SOLORZANO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-277

Agency No.
A205-318-942

MEMORANDUM<sup>*</sup>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2024<sup>**</sup>
Pasadena, California

Before: BOGGS <sup>***</sup>, NGUYEN, and LEE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

Petitioner Omar Alejandro Olmos Solorzano, a native and citizen of Mexico, seeks review of a Board of Immigration Appeals (BIA) order dismissing his appeal from an Immigration Judge's (IJ) decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We generally lack jurisdiction to review the BIA's denial of discretionary relief, such as cancellation of removal, unless the petitioner presents a claim of legal or constitutional error. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Ochoa v. Garland*, 71 F.4th 717, 721 (9th Cir. 2023), *amended and superseded*, *Figueroa Ochoa v. Garland*, No. 20-72510, 2024 WL 460551, at *4 (9th Cir. Feb. 6, 2024). This includes "any and all decisions relating to the granting or denying of discretionary relief." *Id.* (quoting *Patel v. Garland*, 596 U.S. 328, 337 (2022)).

"Where the BIA conducts its own review of the evidence and law . . . our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (internal quotation marks omitted). If the BIA incorporates the IJ's reasoning and conclusions into its own opinion, we may also look to the IJ's opinion "as a guide to what lay behind the BIA's conclusion[s]." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000)).

1. <u>Denial of time extension.</u>  The BIA did not violate Olmos Solorzano's right to due process by denying his request for an extension of time in which to file a brief in support of his appeal.

The BIA has broad discretion in deciding whether to grant an extension to file a brief.  *See* 8 C.F.R. § 1003.3(c)(1) (noting the BIA "*may* extend the period for filing a brief" (emphasis added)).  Here, the BIA received Olmos Solorzano's motion for an extension on June 21, 2021.  With that motion, counsel submitted an affidavit that stated counsel did not receive the briefing schedule until June 11, 2021, and that because the BIA deadline for his brief was June 28, 2021, counsel did not have enough "working days" to file a brief and "simply [was] not able to do this."  The BIA denied the motion on June 23, 2021, explaining that counsel had "not show[n] good cause as to why an extension should be granted by the Board."  The BIA stated, however, that Olmos Solorzano could "file a motion for consideration of [a] late-filed brief."  On July 12, 2021, Olmos Solorzano filed an untimely brief with the BIA but did not file a motion for consideration of the late-filed brief.  The BIA properly exercised its discretion in rejecting the late-filed brief.

Olmos Solorzano's due-process claim also fails because he cannot demonstrate any prejudice arising from the BIA's denial of his motion for an extension.  Although the BIA rejected Olmos Solorzano's brief as untimely, its opinion addressed all four issues raised in Olmos Solorzano's notice of appeal.  And,

because the rejected brief did not contain any arguments not identified in the notice of appeal, the BIA's decision squarely addresses each argument raised in the rejected brief. Thus, Olmos Solorzano cannot establish that the outcome of the proceeding may have been different had the BIA granted an extension and formally considered the brief. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010).

2. <u>IJ's hardship analysis.</u> We lack jurisdiction to review Olmos Solorzano's argument that the BIA "discounted the hardship to be suffered" by his minor children if he is removed and "summarily concluded that the hardship was 'common.'" Our examination of the record confirms that this due-process argument is really a repackaged challenge to the weight that the BIA assigned to certain facts in its discretionary analysis, and thus is beyond our review. *See Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1153 (9th Cir. 2015) ("A fact-intensive determination in which the equities must be weighed in reaching a conclusion is a prototypical example of a discretionary decision" that is "not subject to our review."); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (noting a petitioner "may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb" (internal citation omitted)).

3. <u>IJ's assessment of his criminal record.</u> Finally, Olmos Solorzano has failed to establish a reviewable legal claim in connection with the IJ's discussion of his criminal background. Olmos Solorzano argues that the IJ "either through error or by

design," considered "separate lesser included offenses" as separate convictions. For example, he argues that the IJ erred by noting that in 2010 Olmos Solorzano was convicted of driving under the influence *and* driving under the influence with a high blood-alcohol level, even though it "was the same event."

Because Olmos Solorzano challenges the IJ's factual characterization of his criminal record, we lack jurisdiction to review the claim. *See Ochoa*, 71 F.4th at 721. As the BIA noted, even if the IJ's characterization was in error, "it would not change the discretionary analysis or the weight given to the circumstances surrounding [Olmos Solorzano's] convictions."

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**