**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LIGAYA JENSEN,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent,

No. 22-1550

Agency No.
A073-947-337

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024[**]
San Francisco, California

Before: TYMKOVICH[***], M. SMITH, and BUMATAY, Circuit Judges.

    Ligaya Jensen seeks review of the Board of Immigration Appeals' ("BIA")

order upholding an Immigration Judge's ("IJ") decision to deny Jensen a waiver of

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Court of Appeals, 10th Circuit, sitting by designation.

inadmissibility under 8 U.S.C. § 1182(h) and determination that Jensen was not eligible for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we dismiss the petition in part and deny the petition in part.

This court reviews the decision of the BIA, but where the BIA "agree[s] with the IJ's reasoning and add[s] some of its own," the court looks to "those parts of the IJ's decision upon which [the BIA] relied." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021). Whether a petitioner has demonstrated their eligibility for CAT protection is a factual question and is reviewed under the "highly deferential" substantial evidence standard. *Nasrallah v. Barr*, 590 U.S. 573, 583–584 (2020). "The only question for judges reviewing the BIA's factual determinations is whether *any* reasonable adjudicator could have found as the agency did." *Garland v. Ming Dai*, 593 U.S. 357, 368 (2021) (emphasis in original). Further, this panel does not have jurisdiction to review the BIA's ultimate determination that a petitioner should not be afforded relief under 8 U.S.C. § 1182(h).

1. Jensen first challenges the BIA's denial of her request for a waiver of inadmissibility. This court lacks jurisdiction to review the BIA's discretionary decision to deny Jensen's application for a waiver of inadmissibility. *Wilkinson v. Garland*, 601 U.S. 209, 224 (2024) (noting that the "to the satisfaction of the Attorney General" language in 8 U.S.C. § 1182(h)(1)(B) affords the agency ultimate

discretion in waiving inadmissibility (quoting 8 U.S.C. § 1182(h)(1)(B))); *see also Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1153 (9th Cir. 2015) (holding that claims which challenge the BIA's discretionary authority are "not subject to our review" (quoting *Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007))).

While Jensen raises several purportedly constitutional and legal arguments challenging the BIA's determination that Jensen committed a violent or dangerous crime and the BIA's weighing of Jensen's hardship factors, this court does not need to reach them. The BIA held that "even if the respondent established the requisite level of hardship, upon our de novo review, we further affirm the Immigration Judge's denial of her application for a waiver of inadmissibility in the exercise of discretion." So even if Jensen proved eligibility for waiver, the BIA denied the waiver as a matter of discretion and we have no jurisdiction to review that decision. 8 U.S.C. § 1182(h)(1)(B) ("No court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection.").

2. Jensen also challenges the BIA's determination that she is ineligible for CAT relief. We review CAT eligibility for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). First, Jensen argues the BIA ignored country reports and declarations which showed the Philippines tortures individuals for having mental disabilities and tortures criminals in prison. But the BIA did consider the risk of torture for those with mental disabilities and found that this risk

was low, especially because the Philippine government was making huge investments in funding and services for those with mental disabilities. Rather than being tortured, the BIA found that Jensen would be able to receive the long-term psychological counseling that she needs. And while Jensen did produce a report from Amnesty International highlighting torture criminals face in the Philippines, this report focused on the conditions of people currently incarcerated, not individuals, like Jensen, who have committed a crime in the past but finished serving their sentence.

Second, Jensen asserts that the BIA failed to aggregate Jensen's torture risk as both an ex-convict and person struggling with mental health issues. *See Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015). But Jensen fails to point to any part of the BIA or IJ opinions which show the agency failed to aggregate these risks. In fact, both opinions did consider the evidence as a whole. Jensen may disagree with the BIA's determination, but she has not shown that the BIA acted without substantial evidence in denying her CAT claim.

**PETITION DISMISSED IN PART AND DENIED IN PART.**