**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE ANTONIO ORTIZ NAREZ,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

Nos.  19-72039
       20-71416

Agency No. A013-623-921

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2021
Pasadena, California

Before:  M. SMITH, LEE, and FORREST, Circuit Judges.

Jose Ortiz Narez, a native and citizen of Mexico, seeks review of the Board

of Immigration Appeals' (BIA) decision denying his appeal of the final order of

removal and his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252 and

deny in part and dismiss in part.

1. The record establishes Ortiz's conviction under California Penal Code

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(CPC) § 237d. The BIA held that the Immigration Judge (IJ) properly found that the minute order, when read in conjunction with the statute, reflects that Ortiz was convicted of violating CPC § 273d(a). We agree. The minute order shows that Ortiz was convicted of violating CPC § 273d—not § 273(d). Moreover, subsection (a) defines the offense conduct in § 273d, and the other subsections provide terms for sentencing enhancement and probation. *See* CPC § 273d. Ortiz was therefore convicted of the predicate offense supporting his conviction, and the IJ and the BIA did not err in basing Ortiz's removability on § 273d(a).

2. The BIA did not err in determining Ortiz's predicate offense because it only reviewed the record of conviction, *i.e.,* the minute order and the statute. *Olivas-Motta v. Holder*, 746 F.3d 907, 908 (9th Cir. 2013); *Tokatly v. Ashcroft*, 371 F.3d 613, 623–24 (9th Cir. 2004). Contrary to Ortiz's assertion, the BIA did not go "behind the record of conviction and erroneously cited the testimony of [Ortiz's] brother as supporting its finding that 'child abuse' was involved in Mr. Ortiz's conviction." Rather, the BIA also reviewed the IJ's factual findings, including its finding that Ortiz was convicted under § 273d, for clear error. In doing so, the BIA affirmed the IJ's factual finding regarding Ortiz's crime in one paragraph, and then, in the next paragraph, noted that there "is no record evidence that [Ortiz] was involved with or incurred any criminal violation relating to adoption of a child." It is in this second paragraph that the BIA referred to Ortiz's brother's testimony.

Therefore, the BIA referred to Ortiz's brother's testimony to reject Ortiz's argument that the IJ's factual finding was clearly erroneous—not to make an independent factual finding regarding the crime of which he was convicted.

3. The agency did not violate Ortiz's due process rights when denying Ortiz's cancellation of removal application. The BIA affirmed the IJ's discretionary decision to deny cancellation of removal "even excluding reliance on the two documents that the respondent contends are inadmissible."

We do not have jurisdiction to consider Ortiz's remaining arguments. This court lacks jurisdiction to review the BIA's discretionary decision to view a crime as a violent or dangerous one, *Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1152–53 (9th Cir. 2015), or "review the merits of a discretionary decision to deny cancellation of removal," *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012) (citations omitted). Finally, we retain jurisdiction to ensure the BIA considered the relevant evidence in making its decision; absent an indication otherwise, the court presumes the agency considered all relevant evidence in the record. *See Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019). We thus do not permit Ortiz to "cloak[] an abuse of discretion argument in constitutional [or legal] garb." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)).

4. The immigration court had jurisdiction even though Ortiz's initial Notice

to Appear (NTA) did not specify the time and date of the hearing. "Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court." 8 C.F.R. § 1003.14(a). "Importantly, the regulation does not require that the time and date of proceedings appear in the initial notice." *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019); *see* 8 C.F.R. § 1003.15(b). An NTA that does not include the address of the immigration court, or date and time of hearing, does not deprive the immigration court of jurisdiction. *Aguilar Fermin v. Barr*, 958 F.3d 887, 894–95 (9th Cir. 2020).

5. The BIA did not abuse its discretion in denying Ortiz's motion to reopen as untimely. A motion to reopen must be filed within 90 days of the final administrative order of removal, *Mata v. Lynch*, 576 U.S. 143, 145 (2015) (citing 8 U.S.C. § 1229a(c)(7)(C)(i)), and Ortiz filed his motion to reopen more than four months after the BIA's final decision denying his cancellation of removal. The motion was therefore untimely.

The BIA also did not abuse its discretion in deciding that equitable tolling was not warranted. Equitable tolling is available "where, despite all due diligence, the party requesting equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011) (quoting *Abillo-De Leon v. Gonzales*, 410 F.3d 1090, 1099–1100 (9th Cir. 2005)). Ortiz was represented by counsel throughout his removal proceedings and

his current counsel had access to the transcript of the proceedings during the appeal to the BIA, which shows that the plea form was not in the record. There is also nothing to suggest that Ortiz was "unable to obtain vital information bearing on the existence of the claim." *See Mejia-Hernandez*, 633 F.3d at 824.

6. We lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen Ortiz's proceedings. *See Bonilla v. Lynch*, 840 F.3d 575, 586 (9th Cir. 2016). This court may, however, review BIA decisions denying *sua sponte* "reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Menendez*, 908 F.3d at 471. It was not error for the BIA to rely on *Matter of Beckford*, 22 I. & N. Dec. 1216, 1218 (BIA 2000). Contrary to Ortiz's contention, *Matter of Beckford* does not announce a holding limited to its facts. *See id.* at 1218. The BIA therefore did not err.

**PETITIONS FOR REVIEW ARE DENIED IN PART AND DISMISSED IN PART.**