**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENIS BANEGAS, | Nos. 19-72973, 20-72041 |
| Petitioner, | Agency No. 094-301-510 |
| v. | |
| MERRICK B. GARLAND, | MEMORANDUM[*] |
| United States Attorney General, | |
| Respondent. | |

On Petition for Review
of Orders of the Board of Immigration Appeals

Submission deferred February 8, 2022
Submitted December 22, 2022[**]
Pasadena, California

Before:  SCHROEDER, LIPEZ,[***] and LEE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

Denis Banegas, a native and citizen of Honduras, petitions for review of two orders of the Board of Immigration Appeals ("BIA").  In the first, the BIA (i) denied his motion to terminate proceedings based on his contention that the Immigration Judge ("IJ") lacked jurisdiction over the proceedings and (ii) dismissed his appeal from the IJ's denial of his applications for cancellation of removal or voluntary departure.  In a subsequent order, the BIA denied Banegas's motion to reopen proceedings so that he could pursue withholding of removal and protection under the Convention Against Torture ("CAT").  We have jurisdiction over this immigration matter pursuant to 8 U.S.C. § 1252(a)(1).  For the following reasons, we deny in part and dismiss in part the petition for review.

1.  Banegas contends that the IJ lacked jurisdiction over his removal proceedings, and thus that the BIA should have dismissed the proceedings, because the Notice to Appear ("NTA") charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i) failed to provide the time, date, or place of his hearing.  This contention is squarely foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192-93 (9th Cir. 2022) (en banc), *petition for cert. filed*, No. 22-6281 (U.S. Dec. 12, 2022), in which the court held that a defective NTA does not deprive the immigration court of subject matter jurisdiction and that 8 C.F.R. § 1003.14(a) is satisfied when a later notice provides the missing hearing information.

2. Generally, we do not have jurisdiction to review a denial of discretionary relief, such as cancellation of removal or voluntary departure, unless the petitioner presents a claim of legal or constitutional error. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *id.* § 1252(a)(2)(D); *id.* § 1229c(f); *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). Further, the claim of legal or constitutional error must be "colorable," meaning that the claim has "some possible validity." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (internal quotation marks omitted). We cannot review challenges to the weight the agency assigns to various factors in making a discretionary determination. *See Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1153 (9th Cir. 2015) ("A fact-intensive determination in which the equities must be weighed in reaching a conclusion is a prototypical example of a discretionary decision" that is "not subject to our review." (internal quotation marks omitted)). Despite Banegas's contention that the BIA committed legal error in how it assessed the timing of his sobriety and the significance of the installation of an interlock device on his vehicle, his arguments ultimately are merely repackaged challenges to the weight the BIA assigned these factors in its discretionary analysis and are therefore beyond our review.[1]

---

[1] In dismissing Banegas's appeal from the IJ's denial of his application for cancellation of removal or voluntary departure, the BIA performed its own analysis of the factors for and against granting discretionary relief. *See* A.R. 5 ("[E]ven accepting the respondent's arguments, these positive equities do not outweigh the negative factors . . . .").

3

In asserting legal error, Banegas also mischaracterizes the BIA's treatment of his alcoholism. Rather than "penalizing" him for his alcoholism, the BIA permissibly discussed it to provide "context to its summary of [his] multiple criminal offenses involving alcohol consumption." *Espino Jimenez v. Barr*, 818 F. App'x 618, 621 (9th Cir. 2020). Nor do we discern any legal error in the BIA's treatment of Banegas's 2003 reckless driving conviction.

Finally, Banegas is incorrect in contending that the BIA failed to consider hardship to his family. The BIA specifically stated, "[w]e have considered the totality of the respondent's claimed equities . . . and are cognizant of the challenges that would befall [Banegas] and his family upon his removal to Honduras," and cited the portion of Banegas's brief in which he discussed those challenges. In addition to the BIA's explicit statement that it considered the hardship to Banegas's family, we presume that the BIA considered all relevant evidence, *Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019), and it "does not have to write an exegesis on every contention" by the petitioner, *Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007) (internal quotation marks omitted). The BIA "consider[ed] the issues raised, and announc[ed] its decision in terms sufficient" to enable our review. *Don*, 476 F.3d at 744 (internal quotation marks omitted). No more was required.[2]

---

[2] On appeal, Banegas does not clearly raise any issue concerning his application for voluntary departure.

4

3. To reopen his proceedings, Banegas had to demonstrate a prima facie case for withholding of removal or protection under the CAT such that reopening would likely change the result in his case. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 868-70 (9th Cir. 2003); *Matter of Coelho*, 20 I. & N. Dec. 464, 472 (BIA 1992). We review the BIA's denial of his motion to reopen for an abuse of discretion, *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022), and see none.

The BIA did not err in rejecting the grounds upon which Banegas claimed he would be persecuted if removed to Honduras. We previously have rejected proposed particular social groups of persons who "resist" gangs or gang activity because the proposed groups were not sufficiently particularized or socially visible. *Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc);[3] *Santos-Lemus v. Mukasey*, 542 F.3d 738, 744-46 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas*; *see also Matter of S-E-G-*, 24 I. & N. Dec. 579, 587-88 (BIA 2008). Although Banegas presented evidence about the virulence of gang activity in Honduras, he did not present evidence that meaningfully distinguishes his proposed social group of "Hondurans perceived to be concretely opposed to the

---

[3] *Henriquez-Rivas* dealt with the social visibility of persons who testify against gang members in court. *See Henriquez-Riva*s, 707 F.3d at 1092. That specific activity is readily distinguishable from the type of general "resistance" to gangs at issue in this case.

gangs" from our precedent. Nor did Banegas present any evidence that would support characterization of his opposition to gang activity as an anti-gang political opinion under our precedent. *See Isaguirre Elias v. Wilkinson*, 846 F. App'x 439, 441 n.2 (9th Cir. 2021) ("We have already held that mere refusal to comply with criminal demands, without more, does not establish a 'political opinion.'" (citing *Santos-Lemus*, 542 F.3d at 747)). Although Banegas presented evidence that members of his family had individually been threatened by gangs, he did not establish that he himself would be targeted because of his membership in his family. *See Santos-Ponce v. Wilkinso*n, 987 F.3d 886, 890-91 (9th Cir. 2021); *see also Recanoj-De Leon v. Barr*, 838 F. App'x 251, 253 (9th Cir. 2020) ("Petitioner testified that gang members extorted and beat her father for money, but [she] failed to establish that she herself was in danger on account of membership in her father's family.").

The BIA also did not err in its conclusion that Banegas had not "cite[d] to any evidence to support his argument" that returning deportees are recognized in Honduras as a distinct social group more likely than the general population to suffer gang violence. Although Banegas did provide citations to several news articles regarding the dangers facing returning deportees, the BIA did not err in concluding that these articles -- as opposed to counsel's framing of the statistics in the articles -

6

- did not support the requisite social distinctness of the group or the existence of any nexus between the social group and the threat of persecution.

Finally, Banegas's generalized evidence of gang violence and corruption in Honduras is simply insufficient to support a CAT claim. *See Santos-Ponce*, 987 F.3d at 891.

**PETITION DENIED IN PART AND DISMISSED IN PART.**